IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SHAWN ISAACS, *on behalf of himself and others similarly situated*,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.

CIVIL ACTION FILE

NUMBER 3:24-cv-216-TCB

**O R D E R**

This case comes before the Court on Defendant's motion [14] for a stay of proceedings until the Supreme Court of the United States decides *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, No. 23-1226.[1] Plaintiff opposes [16] this motion.

[1] Defendant's motion for a stay is included with its motion to dismiss the initial complaint. Plaintiff has subsequently filed an amended complaint [15], which Defendant has moved [17] to dismiss. In this second motion to dismiss, Defendant incorporates its arguments regarding staying this action from its original motion to dismiss. Accordingly, the Court here is only considering the motion to stay and will deny the motion to dismiss as moot.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997)). The Eleventh Circuit has recognized that it may be appropriate for a district court to stay proceedings pending the resolution of a related case in a different forum. *Id.* ("A variety of circumstances may justify a district court stay pending the resolution of a related case in another court."). "The stay, however, may not be 'immoderate,' which requires inquiry into 'the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay.'" *Sessions v. Barclays Bank Delaware*, 276 F. Supp. 3d 1349, 1350 (N.D. Ga. 2017) (quoting *id.*).

Defendant seeks a stay pending resolution of *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, No. 23-1226 at the United States Supreme Court. It argues that a stay is appropriate because the issue before the Supreme Court in *McLaughlin* has direct impact on the proceedings in this case, namely "[w]hether the Hobbs Act required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act." *McLaughlin*

*Chiropractic Assocs., Inc. v. McKesson Corp.*, No. 23-1226, 2024 WL 2325969, *i (U.S. May 17, 2024) (petition for writ of certiorari).

The Court agrees and finds that a stay is appropriate here. In Defendant's motion to dismiss Plaintiff's amended complaint, it argues that Plaintiff fails to state a claim because "neither of the provisions of the TCPA under which he is suing apply to calls or text messages to cellular telephone numbers, which is the basis of his claims." [17] at 13. This issue is directly related to the issue in *McLaughlin* because the FCC has issued an order determining that the TCPA provisions here apply to wireless telephone numbers. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039. As the law currently stands, this Court is bound to accept that interpretation. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015) ("[d]istrict courts may not determine the validity of FCC orders, including by refusing to enforce an FCC interpretation, because 'deeming agency action invalid or ineffective is precisely the sort of review the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders.'" (alteration omitted) (quoting *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110,

1120–21 (11th Cir. 2014))). But if the Supreme Court in *McLaughlin* hold that district courts are not bound by the FCC's interpretation of the TCPA, then the Court may endeavor on its own statutory interpretation analysis, which may change the outcome on this question.

To avoid undue analysis on this point, the Court finds that a stay is appropriate. As Defendant points out, the stay will be quite brief; there is a definite end point, as the Supreme Court heard oral argument on January 21, 2025, and the opinion will come out by the end of its term in June. *Cf. Medline Indus., LP v. C.R. Bard, Inc.*, No. 1:20-cv-03981-JPB, 2023 WL 2368726, at *3 (N.D. Ga. Mar. 6, 2023) (denying a stay in part because the court "has little confidence that [the other case in a different forum] will be resolved this year"); *Fed. Trade Comm'n v. FleetCor Techs., Inc.*, No. 1:19-cv-5727-AT, 2022 WL 22867353, at *4 (N.D. Ga. Feb. 7, 2022) (denying a stay as potentially immoderate because it could potentially last "years" and could "certainly take longer than the seven months anticipated").

Further, entering a stay is consistent with similar litigation in this district. *See Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-214-

TCB, Order Staying Case [35] (N.D. Ga. Sept. 23, 2024) (staying proceedings in a TCPA action pending resolution of the defendant's petition for interlocutory appeal)[2]; *Loudermilk v. Maelys Cosmetics USA Inc.*, No. 1:24-cv-1866-AT, Paperless Order (N.D. Ga. Oct. 15, 2024) (staying pending motion to dismiss in a similar TCPA action until the disposition of *McLaughlin*).

The Court finds that Plaintiff will not be unduly burdened by this stay. Because the stay is so short, Plaintiff's speculative concerns about the loss of evidence are unwarranted and further, Defendant has averred that it is preserving documents related to this lawsuit. The Court also finds that the stay will not prejudice Plaintiff regarding its potential injunctive relief regarding allegedly violative texts. Again, the stay is quite brief, and Plaintiff has not yet moved for injunctive relief. The Court finds that the benefits of a temporary stay outweigh any potential harm to Plaintiff.

---

[2] The Court in *Radvansky* certified for immediate interlocutory appeal to the Eleventh Circuit the same legal question at issue here and in *McLaughlin*: "Does the Hobbs Administrative Orders Review Act [] require district courts to treat as binding the Federal Communications Commission's [] interpretation of the Telephone Consumer Protection Act (TCPA)?" *Radvansky*, No. 3:23-cv-214, Order Staying Case [35] at 2.

In sum, the Court finds that a brief stay is appropriate given the potentially dispositive issue in *McLaughlin*, rulings in similar TCPA cases in this district, and in the interest of judicial economy and the potential of hefty discovery expenses in this putative class action.

Defendant's motion [14] is granted in part and denied in part. Defendant's request for a stay of proceedings pending resolution of *McLaughlin* is granted while its motion to dismiss is denied as moot. Defendant is ordered to file either a supplemental brief explaining the impact of *McLaughlin* on its arguments in its pending motion [17] to dismiss or an amended motion to dismiss within thirty days of the Supreme Court's decision in *McLaughlin*.

IT IS SO ORDERED this 12th day of March, 2025.

Timothy C. Batten, Sr.
Chief United States District Judge