**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| SHAWN ISAACS, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff,*<br>*v.*<br><br>USHEALTH ADVISORS, LLC,<br><br>*Defendants.* | Civil Case No.: 3:24-cv-00216-LMM |

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT**
**ITS BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

1. On July 21, 2025, Defendant USHEALTH Advisors, LLC ("USHA") timely filed its supplemental brief to its pending Motion to Dismiss the First Amended Complaint regarding the impact of the United States Supreme Court's recent decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, No. 23-1226, 2025 WL 1716136 (U.S. June 20, 2025). *See* Dkt. No. 27.

2. USHA seeks leave to further supplement its Motion to Dismiss and Supplemental Brief following *McLaughlin* to include the argument that, in addition to the Telephone Consumer Protection Act's ("TCPA") do-not-call provisions not being applicable to cellular telephone services generally, those provisions do not apply to text messages.

3. When supplementation involves briefs supporting motions to dismiss, courts may consider whether the supplemental material introduces new evidence or arguments that are relevant to the motion. *See, e.g.*, *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortg., Inc.*, 826 F. Supp. 460 (N.D. Ga. 1993) (granting motion to supplement because new case law cited was relevant to the issues at hand and there was no bad faith or undue prejudice).

4. On the same day that USHA filed its supplemental brief, the United States District Court for the Central District of Illinois issued a decision holding, in large part based upon the Supreme Court's *McLaughlin* decision, "that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages," and dismissed a class action complaint asserting do-not-call claims under the TCPA regarding alleged text messages. *See Joseph Jones, Seth Steidinger & Natasha Koller v. Blackstone Medical Services, LLC,* No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, *3 (C.D. Ill. July 21, 2025).

5. The same arguments apply to Plaintiff's do-not-call claims here. The relevant provisions of the TCPA apply to "calls" or "telephone calls," which cannot be interpreted to apply to text messages (a technology that did not even exist when Congress enacted the TCPA, in 1991). So that USHA can raise, and so that the Court can consider, the same question addressed and decided in *Blackstone*, USHA

respectfully requests for leave to supplement its supplemental brief, filed at Dkt. No. 27, with the brief attached hereto as Exhibit A.

6. On July 22, 2025, this Court entered an Order giving Plaintiff fourteen (14) days to file his own brief relating to the impact of *McLaughlin* on the issues presently before the Court. *See* Dkt. No. 28. Plaintiff's response is currently due on August 5, 2025. Since Plaintiff has yet to respond, there would be no prejudice in allowing a short additional supplement by USHA on this limited analysis of whether section 227(c) extends to text messages, and USHA would have no objection to Plaintiff being allowed additional time to file his response if USHA is given leave to supplement.

7. USHA therefore requests leave to file a short supplement in the form of Exhibit A attached hereto regarding the additional question of whether Plaintiff has failed to state a claim for relief under the TCPA because the provisions of the TCPA at issue in this lawsuit do not apply to text messages.

Dated: July 29, 2025

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman
(*pro hac vice*)
Roy Taub (*pro hac vice*)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com

roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Alan S. Clarke
Georgia Bar No. 128225
1100 Peachtree Street, NE, Suite 924
Atlanta, GA 30309
(470) 466-1714
alan.clarke@gmlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Roy Taub*
Roy Taub

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 29, 2025, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record.

/s/ *Roy Taub*
Roy Taub