# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| SHAWN ISAACS, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff,*<br>*v.*<br><br>USHEALTH ADVISORS, LLC,<br><br>*Defendants.* | Civil Case No.: 3:24-cv-00216-LMM |

**DEFENDANT, USHEALTH ADVISORS, LLC'S**
**ADDITIONAL SUPPLEMENT TO ITS BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant USHEALTH Advisors, LLC ("USHA") recently filed a Supplemental Brief regarding how the Supreme Court's recent decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 145 S. Ct. 2006 (2025) requires the Court to independently determine for itself whether an agency's interpretation of a statute is correct, because it is not bound by the Federal Communication Commission's ("FCC") interpretations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See* Dkt. No. 27. In that brief, USHA urged the Court to determine that the TCPA's do-not-call rules do not apply to telephone calls made to cellular telephones. USHA supplements that brief, and the

pending Motion to Dismiss, (Dkt. No. 17), to additionally argue that the TCPA's do-not-call rules do not apply to text messages, whether sent to residential telephone subscribers or anyone else. For the reasons detailed below, "under ordinary principles of statutory interpretation," (*McLaughlin*, 145 S. Ct. at 2013) the FCC's interpretation of the TCPA, which was enacted before text messages even existed, to apply to text messages is an incorrect and improper interpretation of the law. Since the TCPA's do-not-call rules do not apply to text messages, and Plaintiff's do-not-call claim is based solely on text messages, (Dkt. No. 15 at ¶¶ 81-109, 125-137), he cannot state a claim for relief.

This Court would not be the first court to rule that the TPCA does not apply to text messages. In *Joseph Jones, Seth Steidinger & Natasha Koller v. Blackstone Medical Services, LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764 (C.D. Ill. July 21, 2025), the court held, "[p]ursuant to *McLaughlin* and *Loper Bright* [*Enterprises v. Raimondo*, 603 U.S. 369 (2024)]," and "based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages." *Id*. at *3

"Under the principles of statutory interpretation, a court must start with the text of the statute to ascertain its plain meaning." *Id*. at *4 (citation omitted). Section 227(c) creates a private cause of action when a residential telephone subscriber "has received more than one ***telephone call*** within any 12-month period

by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). In an order issued in 2003, the FCC unilaterally and without authority decided that the TCPA's references to a "call" "encompasses both voice calls and text calls to wireless numbers . . . ." *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14116 (2003) (the "2003 Order"). Although the 2003 Order addressed a different provision of the TCPA – § 227(b) – courts since have relied upon it to find that other provisions of the TCPA, including § 227(c), apply to text messages. *See, e.g.*, *Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1340-42 (S.D. Fla. 2022).

That would be incorrect and is no longer required following *McLaughlin* and *Loper Bright*. Notably, the terms "text message" and "SMS message" are absent from section 227(c)(5) and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d), and instead "call" or "telephone call" appear. When the TCPA was enacted in 1991, text messaging was not an available technology and, therefore, "telephone call" would not have included text messages or SMS messages. *Blackstone,* 2025 WL 2042764 at *4 (citing Alex Fitzpatrick, *How Text Messages Are Being Killed and Replaced,* TIME (Dec. 3, 2014), https://time.com/3612277/text-message-history-future/ ("The world's very first text message, sent Dec. 3, 1992, was a cheerful, if early, holiday greeting: 'Merry Christmas,' it read, short and sweet.")).

"[W]e interpret the words of a statute based on their meaning at the time of enactment." *Regions Bank v. Legal Outsource PA*, 936 F.3d 1184, 1190 (11th Cir. 2019). As the court in *Blackstone* noted, even "in today's American parlance, 'telephone call' means something entirely different from 'text message.'" *Id.* Thus, Congress did not include text messages within the scope of 47 U.S.C. § 227(c), as it is limited to "calls" and "telephone calls," and any determination by the FCC otherwise would be incorrect.

The Supreme Court's recent clarification of the law in *McLaughlin* and *Loper Bright* should also stand for limiting any adherence to the 2003 Order, even if correctly decided, to only what was expressly determined. But the 2003 Order does not even apply to conduct regulated by 47 U.S.C. § 227(c), because it was addressing only text messages sent using "an automatic telephone dialing system or an artificial or prerecorded message," a practice prohibited by § 227(b), ***<u>not</u>*** § 227(c). 18 F.C.C. Rcd. 14014, 14116 ¶ 165 (2003). Paragraph 165 of the 2003 Order cites only to § 227(b) and 47 C.F.R. § 64.1200(a), ***<u>not</u>*** 47 U.S.C. § 227(c) or 47 C.F.R. §§ 64.1200(c) or (d). *Id.* Thus, separate and apart from the fact that it would have been a wholly textual determination, the 2003 Order did not find text messages are regulated by § 227(c) or its implementing regulations. *See Blackstone*, 2025 WL 2042764 at *4. Indeed, as the court in *Blackstone* detailed, neither did any of the

subsequent FCC determinations relied upon by the plaintiff in that case. *See id.* at *4-5.

Indeed, it was not until thirty years after the TCPA was enacted, in a regulation effective March 29, 2021, that the FCC first indicated its intent to regulate text messages or SMS messages, but even then that was under a regulation promulgated under § 227***(b)*** (as opposed to § 227(c)), stating, "[a]s used in this paragraph (a)(9), the term 'call' includes a text message, including a short message service (SMS) call." *Limits on Exempted Calls Under the Telephone Consumer Protection Act of 1991*, 86 FR 11443-0147, 11447 (Feb. 25, 2021) (amending C.F.R. § 64.1200(a)(9)). By limiting this definition to only § 64.1200(a), the FCC clearly indicated that, unless otherwise specified, a "call" does not include a "text message" or "SMS message." If, of course, the term "call" did generally include text messages or SMS messages, the FCC would have had no reason, thirty years into a statute's tenure, to include a definition of "call" in this circumstance — it would have no effect. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, Thompson/West 174 (1st ed. 2012) ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*).").

Just like Congress did not include any language placing text messages within the scope of 47 U.S.C. § 227(c), neither did the FCC in the regulations (nor would any such interpretation of the statute been correct). "[T]he fact remains that Section

227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages," and "the FCC's interpretation of call to include text messages . . . potentially does not even apply to Section 227(c)(5)." *Blackstone*, 2025 WL 2042764 at *5.

"In the business of statutory interpretation, if [an interpretation] is not the best, it is not permissible." *Loper Bright*, 603 U.S. at 400. A plain reading of the TCPA and its regulations demonstrates that the best interpretation of § 227(c) and its implementing regulations is that they do not govern text messages. That being the case, Plaintiff cannot state a claim under § 227(c) based upon text messages, and for this additional reason, the Court should dismiss his claims.

Dated: July 29, 2025

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman
(*pro hac vice*)
Roy Taub (*pro hac vice*)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Alan S. Clarke
Georgia Bar No. 128225
1100 Peachtree Street, NE, Suite 924

Atlanta, GA 30309
(470) 466-1714
alan.clarke@gmlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Roy Taub*
Roy Taub

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2025, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record.

/s/ *Roy Taub*
Roy Taub