**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

SHAWN ISAACS, on behalf of himself and others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
___________________________/

CASE NO.: 3:24-cv-00216-LMM

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Shawn Isaacs's Amended Complaint, Dkt. No. 15 (the "Complaint").

## ANSWER

## INTRODUCTION

1. Paragraph 1 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 1 of the Complaint.

2. USHA denies the allegations contained in Paragraph 2 of the Complaint.

3. USHA denies the allegations contained in Paragraph 3 of the Complaint.

4. USHA denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint describes the Telephone Consumer Protection Act (“TCPA”), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited act, USHA denies the allegations contained in Paragraph 5 of the Complaint.

6. USHA admits that Plaintiff purports to bring this suit on behalf of himself and classes of allegedly similarly situated individuals under the TPCA.

**JURISDICTION AND VENUE**

7. USHA admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

8. Paragraph 8 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 10 of the Complaint.

## PARTIES

11. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. USHA admits that it is a limited liability company organized under the laws of the State of Texas with a principal place of business in Fort Worth, Texas.

14. USHA admits the allegations contained in Paragraph 14 of the Complaint.

15. USHA admits the allegations contained in Paragraph 15 of the Complaint.

## TCPA BACKGROUND

16. Paragraph 16 of the Complaint describes the Supreme Court's decision in *Mims v. Arrown Fin. Servs., LLC,* 565 U.S. 368 (2012), to which no response is required. USHA respectfully refers the Court to the cited language from the

Supreme Court decision for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the Supreme Court decision, USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint describes *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint describes 47 C.F.R. § 64.1200(c)(1-2), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint describes 47 C.F.R. § 64.1200(c)(2), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint describes 47 U.S.C. § 227(a)(4) and 47

C.F.R. § 64.1200(f)(15), to which no response is required. USHA respectfully refers the Court to the cited statute and code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint describes 47 C.F.R. § 64.1200(c), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint describes 47 U.S.C. § 227(c)(1), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint describes 47 U.S.C. § 227(c)(1)(A), (E), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint describes *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint describes *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint describes *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint describes 47 C.F.R. § 64.1200(d)(1)-(7), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations

mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint describes 47 C.F.R. § 64.1200(d) (1, 2, 3, 6), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint describes 47 C.F.R. §§ 64.1200(d)-(f), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint describes *In re Dish Network,*, 28 FCC. Rcd. 6574 (2013), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint describes 47 U.S.C. § 227(c), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint describes 47 C.F.R. § 64.1200(e), to which no response is required. USHA respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint describes *In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391 (1995) and *In re Joint Petition Filed by DISH Network, LL et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint describes Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 36 of the Complaint.

## FACTUAL ALLEGATIONS

37. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43. USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44 of the Complaint.

45. USHA denies the allegations contained in Paragraph 45 of the Complaint.

46. USHA denies the allegations contained in Paragraph 46 of the Complaint.

47. USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49. USHA denies the allegations contained in Paragraph 49 of the

Complaint.

50. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "again wrote to UHC," and therefore denies the same, and admits that Plaintiff wrote to UHC by letter dated October 3, 2024, and for the full context of the letter and its contents USHA attaches the letter in reference hereto as Exhibit A.

51. USHA admits the allegations contained in Paragraph 51 of the Complaint. *See* Exhibit A.

52. Paragraph 52 of the Complaint describes language on the website https://www.uhc.com/legal/do-not-call-policy, to which no response is required. USHA respectfully refers the Court to the cited website for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint refers to correspondence between Plaintiff and an entity other than USHA. USHA respectfully refers the Court to the cited correspondence for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited correspondence, USHA denies the allegations contained in Paragraph 53 of the Complaint.

54. USHA denies the allegations contained in Paragraph 54 of the Complaint.

55. USHA denies the allegations contained in Paragraph 55 of the Complaint.

56. USHA denies the allegations contained in Paragraph 56 of the Complaint.

57. USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. USHA denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint refers to correspondence between Plaintiff and USHA. USHA respectfully refers the Court to the cited correspondence for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited correspondence, USHA denies the allegations contained in Paragraph 60 of the Complaint.

61. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore denies the same.

62. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and

therefore denies the same.

63. Paragraph 63 of the Complaint refers to correspondence between Plaintiff and USHA. USHA respectfully refers the Court to the cited correspondence for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited correspondence, USHA denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint refers to correspondence between Plaintiff and USHA. USHA respectfully refers the Court to the cited correspondence for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited correspondence, USHA denies the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the allegations contained in Paragraph 65 of the Complaint.

66. USHA denies the allegations contained in Paragraph 66 of the Complaint.

67. USHA admits that Plaintiff filed his initial Complaint in this action on November 14, 2024.

68. USHA admits the allegations contained in Paragraph 68 of the Complaint.

69. USHA denies the allegations contained in Paragraph 69 of the

Complaint.

70. Paragraph 70 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 71 of the Complaint.

72. USHA denies the allegations contained in Paragraph 72 of the Complaint.

73. USHA denies the allegations contained in Paragraph 73 of the Complaint.

74. USHA denies the allegations contained in Paragraph 74 of the Complaint.

75. USHA denies the allegations contained in Paragraph 75 of the Complaint.

76. USHA denies the allegations contained in Paragraph 76 of the Complaint.

77. USHA denies the allegations contained in Paragraph 77 of the Complaint.

78. USHA denies the allegations contained in Paragraph 78 of the

Complaint.

79. Paragraph 79 of the Complaint describes consumer complaints on "popular consumer review websites", to which no response is required. USHA respectfully refers the Court to the cited websites for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 79 of the Complaint.

80. USHA denies the allegations contained in Paragraph 80 of the Complaint.

## DEFENDANT'S LIABILITY

81. USHA denies the allegations contained in Paragraph 81 of the Complaint.

82. USHA denies the allegations contained in Paragraph 82 of the Complaint.

83. USHA denies the allegations contained in Paragraph 83 of the Complaint.

84. USHA denies the allegations contained in Paragraph 84 of the Complaint.

85. USHA denies the allegations contained in Paragraph 85 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief sought in Paragraph 85.

86. USHA denies the allegations contained in Paragraph 86 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief sought in Paragraph 86.

87. USHA denies the allegations contained in Paragraph 87 of the Complaint.

88. USHA denies the allegations contained in Paragraph 88 of the Complaint.

89. USHA denies the allegations contained in Paragraph 89 of the Complaint.

90. USHA denies the allegations contained in Paragraph 90 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief sought in Paragraph 90.

91. USHA denies the allegations contained in Paragraph 91 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief sought in Paragraph 91.

92. USHA denies the allegations contained in Paragraph 92 of the Complaint.

93. USHA denies the allegations contained in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint consists of legal conclusions, to which

no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 94 of the Complaint.

95. USHA denies the allegations contained in Paragraph 95 of the Complaint.

96. USHA denies the allegations contained in Paragraph 96 of the Complaint.

97. USHA denies the allegations contained in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint describes *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (F.C.C. 2013), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 98 of the Complaint.

99. USHA denies the allegations contained in Paragraph 99 of the Complaint.

100. USHA denies the allegations contained in Paragraph 100 of the Complaint.

101. USHA denies the allegations contained in Paragraph 101 of the Complaint.

102. USHA denies the allegations contained in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint describes *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (F.C.C. 2013), to which no response is required. USHA respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 103 of the Complaint.

104. USHA denies the allegations contained in Paragraph 104 of the Complaint.

105. USHA denies the allegations contained in Paragraph 105 of the Complaint.

106. USHA denies the allegations contained in Paragraph 106 of the Complaint.

107. USHA denies the allegations contained in Paragraph 107 of the Complaint.

108. USHA denies the allegations contained in Paragraph 108 of the Complaint.

109. USHA denies the allegations contained in Paragraph 109 of the Complaint.

**CLASS ACTION ALLEGATIONS**

110. USHA admits that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or, if certified, would result in a class where liability under the TCPA would be imposed against USHA. Accordingly, USHA denies the allegations contained in Paragraph 110 of the Complaint.

111. USHA denies the allegations contained in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 113 of the Complaint.

114. USHA denies the allegations contained in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 115 of the Complaint.

116. USHA denies the allegations contained in Paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 117 of the Complaint.

118. USHA denies the allegations contained in Paragraph 118 of the Complaint.

119. Paragraph 119 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 120 of the Complaint.

121. USHA denies the allegations contained in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the

allegations contained in Paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 124 of the Complaint.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

125. USHA incorporates its responses to paragraphs 1 through 124 of the Complaint as if fully set forth herein.

126. USHA denies the allegations contained in Paragraph 126 of the Complaint.

127. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, and therefore denies the same.

128. USHA denies the allegations contained in Paragraph 128 of the Complaint.

129. USHA denies the allegations contained in Paragraph 129 of the Complaint and denies that Plaintiff is entitled to any of the relief sought in Paragraph

129.

130. USHA denies the allegations contained in Paragraph 130 of the Complaint and denies that Plaintiff is entitled to any of the relief sought in Paragraph 130.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the IDNC Class)**

131. USHA incorporates its responses to paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132. Paragraph 132 of the Complaint describes 47 C.F.R. § 64.1200(d), to which no response is required. USHA respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, USHA denies the allegations contained in Paragraph 132 of the Complaint.

133. USHA denies the allegations contained in Paragraph 133 of the Complaint.

134. USHA denies the allegations contained in Paragraph 134 of the Complaint.

135. USHA denies the allegations contained in Paragraph 135 of the Complaint.

136. USHA denies the allegations contained in Paragraph 136 of the

Complaint and denies that Plaintiff is entitled to any of the relief sought in Paragraph 136.

137. USHA denies the allegations contained in Paragraph 137 of the Complaint and denies that Plaintiff is entitled to any of the relief sought in Paragraph 137.

## PRAYER FOR RELIEF

USHA denies that Plaintiff is entitled to any of the relief requested and USHA respectfully requests that this Court enter an order granting judgment in favor of USHA and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

USHA states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of USHA's Defenses. Accordingly, USHA asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**THIRD AFFIRMATIVE DEFENSE**

USHA is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of text message(s) to Plaintiff. At all relevant times, such third parties were not USHA's agents and USHA did not exercise direction or control over their actions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with USHA or the alleged callers.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel due to his and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the text messages at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because USHA did not engage in knowing or willful misconduct.

**NINTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent (to the extent he ever did).

**TENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

## ELEVENTH AFFIRMATIVE DEFENSE

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), § 227(c), 47 C.F.R. 64.1200(c), and 47 C.F.R. 64.1200(d). Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class

action, is violative of USHA's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone(s) should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the text messages complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of using and/or holding his cellular telephone number out to the public as a business telephone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of his cellular telephone number being registered by someone other than himself prior to his acquisition of the cellular telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone subscription, number, or line.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

USHA is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine

business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent the alleged text messages (and/or telephone call(s)) are not telephone solicitations under the TCPA's do-not-call rules and regulations, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. §§ 64.1200(c) and (d).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against USHA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of putative class members are barred

to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against USHA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of any putative class member are barred to the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines. The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (U.S. 2024).

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because USHA established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the National Do Not Call Rules.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff did not register the telephone number at which he claims he received telephone solicitations in violation of the TCPA on the National Do-Not-Call registry.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe

the claims made against USHA with sufficient particularity to enable USHA to determine what additional defenses it may have in response to the Complaint. USHA therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**RESERVATION**

USHA reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant USHEALTH Advisors, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: August 21, 2025

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Alan S. Clarke
Georgia Bar No. 128225
1100 Peachtree Street, NE, Suite 924
Atlanta, GA 30309
(470) 466-1714
alan.clarke@gmlaw.com

*Attorneys for Defendants*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Roy Taub*
Roy Taub

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 21, 2025, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record.

/s/ *Roy Taub*
Roy Taub