**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

SHAWN ISAACS, on behalf of himself and others similarly situated,

CASE NO.: 3:24-cv-00216-LMM

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_________________________________/

**STIPULATED PROTECTIVE ORDER**
**GOVERNING CONFIDENTIALITY**

IT IS HEREBY STIPULATED by and between Plaintiff Shawn Isaacs and Defendant USHEALTH Advisors, LLC (collectively, the "Parties"), by and through their respective counsel, that in order to facilitate the exchange of confidential information and documents, the Parties desire to bind themselves to the terms herein and obtain the Court's approval and issuance of this Confidentiality Order (the "Confidentiality Order"), dated September 30, 2025.

WHEREAS, Plaintiff and Defendant have engaged, and continue to engage in discovery in the litigation of the case styled *Isaacs v. USHEALTH Advisors, LLC*, No. 3:24-cv-00216-LMM, filed in the United States District Court for the Northern District of Georgia (the "Litigation"); and

WHEREAS, Plaintiff and Defendant may exchange documents, submit

documents to the Court, and/or use documents during the Litigation, which documents may contain trade secrets as defined under the applicable body of law, including Tex. Civ. Prac. & Rem. Code § 134A.002 and/or Section 1(4) of the Uniform Trade Secrets Act, financial information, personal identifying information, personal health information, and/or other confidential or proprietary information of Plaintiff, Defendant, and/or third parties; and

WHEREAS, by this Confidentiality Order, Plaintiff and Defendant seek to facilitate the exchange, submission and use of documents and information in accordance with the Federal Rules of Civil Procedure, while preserving and maintaining the confidentiality of any trade secrets, financial information, personal identifying information, personal health information, and/or other confidential or proprietary information contained in the documents exchanged, submitted, and/or used in connection with the Litigation; and

WHEREAS, the Parties agree that unauthorized and/or improper disclosure of any trade secrets, financial information, personal identifying information, personal health information, and/or other confidential or proprietary information may be harmful to the Parties and/or to third parties, and the Parties desire to limit the extent of disclosure and use of any trade secrets, financial information, and/or other confidential or proprietary information, and to protect any trade secrets, financial information, personal identifying information, personal health information,

and/or other confidential or proprietary information from unauthorized use or further disclosure.

NOW THEREFORE, the Parties, through their respective counsel, hereby acknowledge and agree as follows, incorporating the above statements as true and correct:

**1. Scope**. As used herein, "documents" means any document, information, or other thing produced or exchanged by and among all Parties or third parties, including, but not limited to, all deposition testimony; testimony taken at hearings or other proceedings; interrogatory answers; declarations; documents and all other discovery materials whether produced informally or in response to discovery requests; and expert testimony. The party or third party whose confidential information is sought through discovery by a party to this action shall have the right to designate any documents it produces or provides, or any testimony it gives, in the above captioned action as "confidential" depending on its good-faith view (or whether it believes another party or nonparty may view, even though it does not) of the documents as constituting or containing trade secrets" as defined under the applicable body of law, including Tex. Civ. Prac. & Rem. Code § 134A.002 and/or Section 1(4) of the Uniform Trade Secrets Act, financial information, personal identifying information, personal health information, and/or other confidential or proprietary information, in accordance with the below.

**2. Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents.

**3. Documents Which May be Designated Confidential.** Any party or third party may designate documents as confidential that, after a good faith review, have been determined to contain information protected from disclosure by statute, or to contain sensitive personal information including personal identifying information or personal health information, trade secrets as defined under the applicable body of law, including Tex. Civ. Prac. & Rem. Code § 134A.002 and/or Section 1(4) of the Uniform Trade Secrets Act, confidential research, development, or commercial information, proprietary information, or information concerning proprietary internal policies and procedures. A party's or non-party's designation of materials as confidential, or a party's failure to object to another party's or non-party's designation of materials as confidential, shall not constitute admissible evidence nor shall it be considered an admission that the designated material is confidential or constitutes a trade secret for purposes of determining the merits of any party's claims, defenses, or counterclaims in this litigation.

**4. Depositions, Hearings, and Trial.** Depositions and/or portions of

depositions shall be deemed confidential if designated as such when the deposition is taken or within thirty (30) days after receipt of the transcript, during which time the deposition transcript shall be provisionally treated as confidential subject to potential specific designations. Such designation shall be specific as to the portions to be protected. Any testimony that describes a document that has been designated as confidential shall also be deemed to be designated as confidential. If the need arises during trial or in any application to/at any hearing before the Court for any party to disclose confidential information, it may do so only after giving notice to the producing party, and as directed by the Court.

**5. Protection of Confidential Material.**

a. **General Protections.** Documents designated confidential under this Confidentiality Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified below (¶ 5.b.), for any purpose other than preparing for and conducting this litigation (including any appeal of this litigation).

All documents designated as confidential shall be produced, used, and disposed of in accordance with the terms of this Confidentiality Order.

b. **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Confidentiality Order to any other person or entity, except that the following categories of persons may be allowed to review

documents which have been designated confidential pursuant to this Confidentiality Order, so long as such person(s) have signed the Declaration and Agreement to Be Bound, attached hereto as **Exhibit A**, except execution of **Exhibit A** shall not be required for those persons designated in sub-subsections (1), (2), (3), (4), and (7):

(1) counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

(2) the Parties or employees of a corporate Party, but only to the extent the individual employee needs to know such information in connection with this litigation;

(3) the Parties' insurance carriers to the extent the Parties' respective insurance carriers need to know such information in connection with this litigation;

(4) the Court, any court exercising appellate jurisdiction with respect to determinations of this Court, any other court or person appointed by the Court to address an issue related to discovery in this action, court personnel, court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(5) deposition and trial witnesses, and those witnesses' counsel, to the extent those witnesses and/or witnesses' counsel needs to know such information during the course of those witnesses' testimony or in preparation

therefor;

(6) consultants, investigators, or experts (hereinafter referred to collectively as “experts”) employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

(7) any mediator engaged by the Parties in this action; and

(8) other persons, only upon consent in writing of the producing party or upon order of the Court, and on such conditions as are agreed to or ordered.

c. **Inadvertent Disclosure of Documents**.

(1) If any party or non-party required to produce documents or other information inadvertently produces confidential documents without marking them as such, the producing party may give written notice to the receiving party, including appropriately stamped copies of the confidential documents, and such confidential documents should be treated as such in accordance with the provisions of this Confidentiality Order and the undesignated documents previously produced shall be promptly destroyed by the receiving party.

(2) If the receiving party contests the validity of the claim of confidentiality following an inadvertent disclosure, the parties shall first meet and confer within ten (10) days of the dispute first being raised, and if the dispute is not resolved, the party that is the proponent of the claim of confidentiality following an

inadvertent disclosure shall seek a judicial determination of the matter within ten (10) days thereafter, with the objection or challenge deemed waived if a filing is not made within the required time or without agreement of the producing party for an extension of time. Until a full and final judicial determination is made, the receiving party shall treat the information as confidential in accordance with this Confidentiality Order.

(3) The inadvertent disclosure during discovery of any document that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), shall not waive the Privilege or Protection in this action, or any other federal or state proceeding, for either that document or the subject matter of that document, unless there was an intentional waiver of the Privilege or Protection to support an affirmative use of the document to support the party's claim or defense. All disclosures not made to support an affirmative use of the document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

(4) Within ten (10) days of learning that documents subject to the Privilege or Protection have been inadvertently produced, the producing party

shall notify counsel for the receiving party, in writing, of the fact of inadvertent disclosure. If a producing party inadvertently discloses to a receiving party any document that is subject to the producing party's assertion of the Privilege or Protection, or that the document is otherwise immune from discovery, the receiving party shall immediately cease reviewing or using such document upon (i) discovery by the receiving party that the document is likely protected by the Privilege or Protection; or (ii) receipt of notice from the producing party of the inadvertent disclosure, whichever is earlier. The receiving party also shall destroy or return to the designating party the Privileged or Protected documents and all copies thereof in existence within ten (10) days of: (i) discovery by the receiving party that the document is likely protected by the Privilege and/or the Protection; or (ii) receipt of notice from the producing party of the inadvertent disclosure, whichever is earlier. The receiving party shall provide notification to the producing party confirming such destruction and/or return as soon as possible and in no event later than ten (10) days after receipt by the receiving party of a written request by the producing party for such return and/or destruction. Immediately upon such discovery of or identification of the document, no further use or review may be made of the document by the receiving party, and no further discovery regarding the document may be conducted except upon motion to and order by the Court. No party to this action shall assert that the disclosure of the document waived the Privilege, Protection, or any other

immunity.

(5) Within ten (10) days of the destruction and/or return, the producing party shall list the document that is the subject of the underlying claim of Privilege, Protection, or immunity, on a privilege log identifying and sufficiently describing the disputed document to allow the Court and the Parties to assess and, if necessary, contest the underlying claim of Privilege, Protection or immunity. If the receiving party contests the validity of the underlying claim of Privilege or Protection following an inadvertent disclosure, the receiving party may seek a judicial determination of the matter.

**6. Copies**. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Confidentiality Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Confidentiality Order.

**7. Filing of Confidential Materials.**

a. In the event a party seeks to file with the Court or admit into evidence in any evidentiary proceeding any material that is subject to protection under this Confidentiality Order, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1)

filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, requesting leave of Court before filing any document in this lawsuit that incorporates, attaches, or appends a document designated confidential by first filing a Motion to Seal. Any document submitted for filing under seal, except a response or reply to a sealed motion, must be accompanied by a motion and proposed order authorizing such filing. The motion to seal will be filed as a public document in civil cases.

b. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

**8. Greater Protection of Confidential Documents and Reservation of Rights.** Compliance with the terms of this Confidentiality Order shall not create, waive or impair any privilege or protection applicable to any documents; shall not operate as an admission of any kind; and shall not prejudice in any way the rights or obligations of any party to object to production of any documents it considers beyond the scope of discovery or nonresponsive, to object to the authenticity or

admissibility into evidence of any document, testimony or evidence subject to this Confidentiality Order, to seek determination by the Court as to whether particular documents or information shall be produced and, if produced, whether such documents and information shall be protected, or to apply to the Court for a protective order relating to any documents, information, or testimony.

9. **Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge:

a. The burden of proving the necessity of a confidential designation shall be determined under the Federal Rules of Civil Procedure and federal law.

b. A party who contends that documents designated confidential are not entitled to confidential treatment shall give written notice to the producing party who affixed the designation of the specific basis for the challenge. All Parties to the action shall be copied timely with the written notice. An email notice is sufficient provided all e-mail addresses designated by that party's attorneys to receive notice on the court's CM/ECF system are included. The producing party who so designated the documents and the party who gave written notice of the challenge shall have ten (10) days from service of the written notice to confer. If the dispute cannot be resolved, the designating party shall file a motion for protective order within twenty (20) days of the date in which the challenging party informs the designating party in

writing that they are unable to resolve the dispute following the parties' conference.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the full protections of this Confidentiality Order until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing; or

(2) the Court rules that the documents should no longer be designated as confidential, and the time for appellate review thereof has run.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

a. **Confidentiality Order Remains in Effect.** All provisions of this Confidentiality Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. This Confidentiality Order may not be modified except in writing signed by all Parties, or by Court order.

b. **Return of Confidential Documents.** Within twenty (20) business days after the conclusion of the litigation, including conclusion of any

appeal, all documents treated as confidential under this Confidentiality Order, including copies as defined above (¶ 6) shall be returned to the producing party or destroyed by the receiving party unless; (1) the document has been entered as evidence or filed (unless introduced or filed under seal) pursuant to the procedures set forth herein; or (2) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction, so long as within fourteen (14) days after destruction, that party through counsel of record represents in writing to the producing party that destruction has occurred. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential, so long as that work product does not duplicate verbatim portions of the text of confidential documents. The parties agree that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports, however the parties further agree that any such materials will continue to remain subject to the protections of this Order.

11. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

12. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**SO ORDERED**.

SIGNED this 6th day of October, 2025

Leigh M. May
United States District Judge

THE WEITZ FIRM, LLC

By: */s/ Max Morgan*
Max Scott Morgan
1515 Market Street
Ste #1100
Philadelphia, PA 19102
267-587-6240
max.morgan@theweitzfirm.com

Love Consumer Law
John A. Love
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
404-855-3600
tlove@loveconsumerlaw.com

*Attorneys for Plaintiff*
*Shawn Isaacs*

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Alan S. Clarke
Georgia Bar No. 128225
1100 Peachtree Street, NE, Suite 924
Atlanta, GA 30309
(470) 466-1714
alan.clarke@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

# EXHIBIT A

## DECLARATION AND AGREEMENT TO BE BOUND

CASE NO.: 3:24-cv-00216-LMM

I, ________________________________, declare under penalty of perjury that:

1. My address is ________________________________________.

2. My present employer is ____________________________, and its address is ________________________________________________.

3. I have received a copy of the Confidentiality Order pertaining to this action (the "Confidentiality Order").

4. I have carefully read and understand all of the provisions of the Confidentiality Order.

5. I will comply with all of the provisions of the Confidentiality Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of these actions, any documents and/or materials designated confidential subject to the Confidentiality Order (the "Protected Information") that is supplied to me.

7. I will return each document and other tangible thing that discloses or reveals any Protected Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes or other records regarding the contents of any Protected Information to the attorney who provided such Protected Information to me.

8. I understand that if I violate the provisions of the Confidentiality Order, I will be subject to penalties that may be imposed by the Court and potentially be liable in a civil action for damages.

9. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of compliance with the Confidentiality Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _________________ _________________________________
Signature